[D.I. 7]
[D.I. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LARRY JORDAN,

        Plaintiff,

  v.

STEPHEN BATES,

        Defendant.

Civil No. 21-16120 (RBK/AMD)

**ORDER**

      This matter comes before the Court by way of motion [D.I. 7] of Plaintiff *Pro Se*, Larry Jordan, for default judgment, and by way of motion [D.I. 8] of Defendant, Stephen Bates, for an extension of time to answer, move, or otherwise respond to Plaintiff's complaint. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Defendant's motion for an extension of time to respond to the complaint is granted, and Plaintiff's motion for default judgment is dismissed as moot.

      By way of brief background, Plaintiff submitted an "Extension of Time" on August 26, 2021 in which Plaintiff requested an extension of the ninety-day time to institute suit following

the Equal Employment Opportunity Commission's decision not to pursue an investigation of an employment charge filed by Plaintiff. (Request for Extension of Time [D.I. 1], Aug. 26, 2021.) Plaintiff did not submit a filing fee at the time he filed the "Extension of Time" request, but he subsequently paid the filing fee on September 9, 2021, at which time a complaint was also filed. (*See* Complaint [D.I. 4], Sept. 9, 2021.) A summons was issued on the same date. (*See* Summons Issued [D.I. 5], Sept. 9, 2021.) On September 24, 2021, Plaintiff filed a Return of Service form indicating that he sent a copy of the summons and complaint to Defendant by certified mail on September 21, 2021. (Return of Summons [D.I. 6], Sept. 21, 2021.) On December 9, 2021, Plaintiff filed a motion [D.I. 7] for default judgment. On December 13, 2021, Defendant filed a motion [D.I. 8] for an extension of time to respond to the complaint.

The Court first addresses Defendant's request for an extension of time. Defense counsel represents that his office received a request from the County of Cumberland to defend Defendant in this matter on September 13, 2021. (Cert. of James R. Birchmeier, Esq. [D.I. 9-1], Dec. 14, 2021, p. 1, ¶ 2.) At that time, counsel reviewed the electronic docket and observed that summons had been issued. (*Id.* at p. 1, ¶ 3.) However, counsel represents that his office was "unaware that the Summons and Complaint had been properly served on the Defendant" until counsel received Plaintiff's motion for default judgment. (*Id.* at pp. 1-

2

2, ¶ 4.) Defense counsel indicates that although the time to respond to the complaint expired on or about October 15, 2021, Defendant "is desirous of filing a response to the claims" and that "there are valid defenses to the allegations" in the complaint "both from a legal and factual standpoint." (*Id.* at p. 2, ¶¶ 5-7.)

Pursuant to Federal Civil Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "'Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)(quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. LP*, 507 U.S. 380, 392 (1993)). "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

3

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The Court finds good cause for the extension of time requested by Defendant. Although it is unclear why Defendant did not notify defense counsel when he received a copy of the complaint, the Court accepts defense counsel's representation that counsel was unaware that the complaint had been served until he received a copy of the default judgment motion. Thus, the Court finds that Defendant's failure to answer is due to excusable neglect rather than willful conduct. After learning that default judgment was requested by Plaintiff, defense counsel promptly filed the instant motion, and Defendant seeks only a short extension of time to respond to the complaint. The requested extension therefore appears to be sought in good faith. In addition, Plaintiff has not opposed Defendant's motion and therefore has not asserted any prejudice arising from the extension requested by Defendant, nor does the Court find prejudice given the preliminary stage of the case and Defendant's prompt effort to respond to the complaint. Thus, the Court finds that Defendant has established "excusable neglect" and good cause exists to enlarge Defendant's time under Federal Rule of Civil Procedure 6(b) to respond to Plaintiff's complaint.

The Court next considers Plaintiff's motion for default judgment. Pursuant to Federal Rule of Civil Procedure 55(a),

4

"[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). A party may thereafter obtain default judgment by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[,]" or by the Court "[i]n all other cases[.]" FED. R. CIV. P. 55(b). "[I]t is well established that entry of default by the Clerk of the Court "'is an essential predicate to any default judgment.'" *Livingstone v. Haddon Point Manager, LLC*, No. 19-13412, 2021 WL 5711612, at *2 (D.N.J. Dec. 2, 2021)(quoting *DeTore v. Local No. 245 of Jersey City Pub. Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981)). Plaintiff's motion for default judgment is premature as he did not obtain an entry of default from the Clerk of the Court prior to filing his motion for default judgment. Moreover, because the Court shall grant Defendant's motion for an extension of time and provide Defendant additional time to respond to the complaint, the Court will dismiss Plaintiff's motion for default judgment as moot, without prejudice to Plaintiff's right to seek entry of default should Defendant fail to respond to the complaint in accordance with this Order.

Consequently, for the reasons set forth above and for good cause shown:

IT IS on this **3rd** day of **January 2022**,

5

**ORDERED** that Defendant's motion [D.I. 8] for a thirty-day extension of time to respond to the complaint shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Defendant shall file an answer, move, or otherwise respond to the complaint within thirty (30) days of this Order; and it is further

**ORDERED** that Plaintiff's motion [D.I. 7] for default judgment shall be, and is hereby, **DISMISSED** as moot.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert B. Kugler