IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LARRY JORDAN, : <br> : <br> Plaintiff, : <br> : Civil No. 21-16120 (RBK/AMD) <br> v. : <br> : **OPINION** <br> STEPHEN BATES, : <br> : <br> Defendant. : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Stephen Bates's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14). For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.     **BACKGROUND**

On September 9, 2021, Plaintiff Larry Jordan ("Plaintiff" or "Mr. Jordan") filed a complaint pro se for employment discrimination against Defendant Stephen Bates ("Defendant" or "Mr. Bates"), a senior personnel technician with Cumberland County. (ECF No. 4, "Compl."). Plaintiff's Complaint lists only the names and addresses of the parties; no other information is provided. (*Id.*) Because of the dearth of allegations in the Complaint itself, the facts recited here are taken from Plaintiff's Motion for an Extension of Time to File a Complaint and the accompanying exhibits. *See* (ECF No. 1, "Pl. Mot.").

Mr. Jordan had been employed with the County of Cumberland Juvenile Detention Center for thirty years until June 2015, when the Detention Center closed for budgetary reasons. (Pl. Mot. at 8); (ECF No. 25, "Pl. Opp'n"). Plaintiff contends that the County was aware of his

1

criminal history throughout the time he was employed at the Juvenile Detention Center. (Pl. Mot. at 2). Following the Center's closure, Mr. Jordan's name was put on a list for reemployment as a Juvenile Detention Officer with Cumberland County ("the eligible list"). (*Id.* at 10). However, the County later removed Plaintiff's name from the eligible list due to Plaintiff's criminal history background check. (*Id.* at 2, 10), Plaintiff then appealed the County's removal of his name from the eligible list to the New Jersey Civil Service Commission. (*Id.* at 10). In July 2021, the Civil Service Commission upheld the County's decision to remove Mr. Jordan's name from the eligible list based on the background check. *In the Matter of Larry Jordan, Juvenile Detention Officer (Special), Cumberland County*, CSC Docket No. 2021-1458 (decided July 26, 2021).

Plaintiff received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission on May 24, 2021. (Pl. Mot. at 9). On August 26, 2021, Plaintiff filed a motion requesting an extension of time to file a complaint in federal court. (Pl. Mot.). Plaintiff's Complaint was filed on September 9, 2021. (Compl.). On January 31, 2022, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failing to state a claim. (ECF No. 14, "Def. Mot."). Plaintiff responded in opposition to Defendant's Motion on June 27, 2022. (Pl. Opp'n).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a showing that the plaintiff is entitled to relief "in order to give the defendants fair notice of what the ... claim is and the grounds on which it rests." *Itiowe v. Trump*, No. CV2018516RMBSAK, 2021 WL 4452775, at *2 (D.N.J. Sept. 29, 2021) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court identifies allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## C. Pro Se Litigants

Where litigants are proceeding pro se, the court "must liberally construe [the plaintiff's] pleadings, and ... 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (citation omitted). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citation omitted).

## III. DISCUSSION

Defendant contends that the Complaint must be dismissed because (1) Mr. Bates is entitled to immunity; and (2) there is no evidence suggesting that Mr. Bates was involved in the complained of conduct. (Def. Mot. at 7). The Court agrees that dismissal is warranted.

Plaintiff's Complaint is woefully deficient in several respects. To start, even under a lenient pleading standard, a pro se plaintiff must put forth *some* facts connecting the defendant to the allegedly wrongful conduct. "Complaints filed pro se are construed liberally, but even 'a pro se complaint must state a plausible claim for relief.'" *Badger v. City of Philadelphia Off. Of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, it is unclear if and how Mr. Bates was involved in the decision to remove Plaintiff from the eligible list. Next, Plaintiff does not explain why the decision to remove him from the list was discriminatory. Though pro se plaintiffs need not refer to the applicable law by name, their pleadings must contain an adequate factual basis from which the Court can discern the nature and sufficiency of the claim. *See Twombly*, 550 U.S. at 555. The Court cannot do so here. Finally, given the lack of factual allegations in the pleadings, Plaintiff has failed to provide Mr. Bates with fair notice of the claim against him as required by Rule 8.

## IV. CONCLUSION

Because Plaintiff's Complaint does not comply with Rule 8 and because it is deficient under Rule 12(b)(6), Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**. Plaintiff will have thirty (30) days to file an amended complaint. An order shall issue.

Dated: July 7, 2022

ROBERT B. KUGLER
United States District Judge

4